### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    NO. 2:06-CR-153 |
| | ) |
| FRED ROBINSON, | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

This matter is before the Court on the Defendant's Motion for Revocation of Detention Order, filed by Defendant, Fred Robinson, on October 25, 2006.  Having reviewed the detention hearing held before Magistrate Judge Rodovich on August 29, 2006, and the order of detention issued on September 7, 2006, the Court concurs with the order of detention, and **DENIES** Defendant's request to be placed on pretrial release.

At the time of the detention order, Robinson was charged in a 1-count criminal complaint with distributing 5 grams or more of crack cocaine in violation of 21 U.S.C. section 841(a)(1).  Since then, an indictment was filed on September 7, 2006, charging Robinson with two counts of distributing crack cocaine and one count of distributing cocaine, in violation of 21 U.S.C. section 841(a)(1).

At the time of his arrest, Robinson possessed four firearms, powder cocaine, and marijuana.  In the prebond report, Robinson

admitted to using marijuana on a regular basis.  Although Robinson argues that he has not been charged with any gun-related offenses, nor has there been evidence presented that Robinson used the weapons, as thoroughly established by Magistrate Rodovich in the detention order dated September 7, 2006, there is an established violent correlation between drug trafficking and the possession of weapons.  *See, e.g., United States v. Anderson*, 72 F.3d 563, 567 (7th Cir. 1995) (noting the Seventh Circuit has "consistently held that guns are typical tools of" the dangerous drug trade and inherently violent culture). Additionally, the Court agrees with Magistrate Rodovich's notation of the addictiveness of the dangerous form of crack cocaine.  *See, e.g., United States v. Lawrence*, 951 F.2d 751, 755 (7th Cir. 1991) ("[t]he highly addictive nature of crack, its growing availability, and relative low cost all serve to increase the risks associated with its use.").  Finally, the Court concurs with the magistrate that Robinson's regular use of marijuana also makes him a danger to society.  *See generally United States v. Raimondi*, 159 F.3d 1095, 1100 n.11 (7th Cir. 1998) (quoting the Policy Statement from Section 5H1.4 of the Sentencing Guideline which provides that "[s]ubstance abuse is highly correlated to an increased propensity to commit crime").  The fact that Robinson has no prior record does not overcome the rebuttable presumption under 18 U.S.C. section 3142(e) or the overwhelming evidence that Robinson is a danger to the community.

Based upon the serious nature of the offenses charged, the nature

of the detention hearing, and the serious risk that Defendant will endanger the safety of the community, this Court finds that no condition or combination of conditions will reasonably assure the safety of the community.  Consequently, this Court **DENIES** Defendant's request to be placed on pretrial release.


DATED:  November 1, 2006                **/s/RUDY LOZANO, Judge**
                                        **United States District Court**